**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-14099-CIV-MAYNARD**

**NANFACK DANIEL M. NJIPWO,**

**Plaintiff,**

**v.**

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), *et al.*,**

**Defendants.**

_________________________________________/

## ORDER ON DEFENDANTS' MOTION TO DISMISS [DE 28]

**THIS CAUSE** comes before me upon the above referenced Motion to Dismiss ("Motion"). DE 28. All parties have consented to my jurisdiction. DE 32. I have considered the Motion and Plaintiff's Response.[1] DE 29. I find the Motion must be **GRANTED** for the following reasons.

## FACTUAL BACKGROUND[2]

Plaintiff was born in Cameroon. DE 28-3 at 2. In January 2007, he entered the United States on an F-1 student visa. *Id.* Several months later, the United States Government granted Plaintiff's mother asylum status, and Plaintiff obtained derivative asylee status through her. DE 18-2 at 2–3; DE 28-3 at 2.

[1] Plaintiff titles his responsive filing, "Plaintiff's Amended Supplemental Opposition and Motion to Deny Defendants' Motion to Dismiss." DE 29. However, the document's substance shows that it is a response to the Motion, and I will therefore construe this filing as the "Response."

[2] The Factual Background is based on both the Second Amended Petition, DE 18-2, and the exhibits attached to Defendants' Motion to Dismiss. DE 28. As discussed below, Defendants' factual challenge to subject matter jurisdiction allows me to consider evidence extrinsic to the Second Amended Petition, including Defendants' exhibits. *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011).

Plaintiff served in the United States Army from January 2016 until March 2016 and became disabled in relation to his military service. DE 28-3 at 1–2. During his time in the Army, Plaintiff submitted a Form N-400 application seeking naturalization on an expedited basis pursuant to his military service. DE 18-2 at 3; DE 28-3 at 2. Defendant United States Citizenship and Immigration Services ("USCIS") denied that application on March 29, 2016. DE 28-3 at 2.

Over one year later, on May 15, 2017, Plaintiff filed a Form I-485 application seeking to adjust his status from asylee to lawful permanent resident. DE 18-2 at 3; DE 29-3 at 23. USCIS subsequently informed Plaintiff that, because his mother had adjusted her status from asylee to United States citizen, Plaintiff no longer qualified as a derivative asylee and therefore could not adjust his status on that basis unless he independently applied for asylum. DE 28-3 at 3. Plaintiff did so by filing a Form I-589 application in 2018. *Id.*

In October 2019, Plaintiff filed a second Form N-400 application for naturalization. *Id.* USCIS interviewed Plaintiff in connection with that application on May 7, 2025. *Id.* USCIS thereafter requested documentation concerning Plaintiff's child support obligations. *Id.* Plaintiff responded that his disability, and his resulting inability to access Social Security benefits, impeded his ability to satisfy those obligations. *Id.* at 3–4. On May 29, 2025, USCIS denied Plaintiff's second N-400 application, finding that Plaintiff lacked the requisite good moral character due to his failure to pay child support. DE 18-2 at 3; DE 28-3 at 4. On June 11, 2025, Plaintiff filed a Form N-336 requesting a hearing to challenge that decision. DE 28-3 at 4. USCIS scheduled an interview for July 28, 2025, but canceled the interview after Plaintiff requested a postponement. *Id.*

USCIS separately scheduled an interview on Plaintiff's Form I-589 asylum application for July 25, 2025. *Id.* Defendants represent that, on October 7, 2025, USCIS granted Plaintiff's I-589

application, thereby enabling USCIS to adjudicate Plaintiff's pending Form I-485 application for adjustment of status to lawful permanent resident. DE 28 at 1. Defendants further assert that, at the time they filed the Motion to Dismiss, USCIS was awaiting additional documentation from Plaintiff necessary to complete adjudication of the I-485 application. *Id.* at 2. In his Response, Plaintiff asserts that he has since submitted the requested documentation. DE 29 at 4.

**PROCEDURAL BACKGROUND**

Proceeding *pro se*, Plaintiff initiated this action by filing a Petition for Writ of Mandamus against Defendants USCIS; the Attorney General of the United States; the Acting Director of USCIS; the Secretary of the Department of Homeland Security; and the United States Attorney for the Southern District of Florida (collectively, "Defendants"). DE 1. Plaintiff alleges that Defendants unreasonably delayed adjudicating, or improperly denied, his immigration applications. DE 18-2 at 1–2.

On July 1, 2025, at the parties' joint request, I stayed this case through September 25, 2025 to allow Defendants to conduct an asylum interview and evaluate Plaintiff's Form I-485 application for adjustment of status. DE 16.

Before the stay expired, Plaintiff moved to reopen the case, asserting that USCIS had required him to appear for interviews that were unreasonably scheduled and that these requirements violated his rights under the Rehabilitation Act and the Americans with Disabilities Act ("ADA"). DE 17. Plaintiff also moved for leave to file a Second Amended Petition. DE 18. I subsequently reopened the case, DE 24, and granted Plaintiff leave to file the Second Amended Petition, DE 26.

In the operative Second Amended Petition, Plaintiff explains that he submitted three immigration-related applications: a 2016 Form N-400 application for naturalization; a 2017 Form I-485 application for adjustment of status from asylee to lawful permanent resident; and a subsequent Form N-400 application for naturalization. DE 18-2 at 2–3. Plaintiff alleges USCIS erred by (1) failing to consider his disabilities as the cause of his inability to meet child support obligations, and (2) by finding that his 2022 compensation sufficiently met his needs. *Id.* at 3–4. Plaintiff asserts USCIS failed to provide accommodations as required under the Rehabilitation Act of 1873, 29 U.S.C. § 794, and neglected a clear, non-discretionary duty to adjudicate naturalization and adjustment applications in a timely manner under federal laws including the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA"). *Id.* at 4–5.

Count I of the Second Amended Petition alleges Defendants violated Plaintiff's right to the timely adjudication of his immigration applications under the INA and the APA. *Id.* at 6. As relief, Plaintiff seeks: (1) a writ of mandamus compelling adjudication of Plaintiff's 2016 Form N-400 and Form I-485 without further delay; (2) an order requiring USCIS to reconsider the 2025 denial of Plaintiff's second Form N-400; (3) a declaration that Defendants' delays and denials are unlawful under the INA and the APA; and (4) an award of damages. *Id.* at 6–7.

Count II alleges USCIS violated the ADA and the Rehabilitation Act by: (1) imposing unreasonable delays in adjudicating Plaintiff's N-400 and I-485 applications; (2) failing to modify policies and procedures to ensure access for disabled applicants; and (3) denying naturalization based on child support arrears allegedly attributable to USCIS's delays and its failure to accommodate Plaintiff's disabilities. *Id.* at 7. As relief, Plaintiff seeks: (1) a declaration that Defendants' actions were unlawful under the ADA and the Rehabilitation Act; (2) an order directing Defendants to immediately reconsider Plaintiff's applications for adjustment of status

and naturalization, "applying all statutory protections due to disabled veterans and applicants with qualifying disabilities"; (3) an order prohibiting Defendants from considering Plaintiff's child support arrears as a basis for denying his applications; (4) an order requiring implementation of "necessary policy and training measures" to prevent future violations; (5) an order requiring USCIS to provide reasonable accommodations in adjudicating Plaintiff's pending and future applications; (6) an injunction prohibiting Defendants from continuing discriminatory practices against disabled veterans; and (7) an award of damages. *Id.* at 7–8. Plaintiff also seeks fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and other provisions. *Id.* at 8.

On December 5, 2025, Defendants moved to dismiss the Second Amended Petition for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). DE 28 at 2. The matter is now ripe for review.

## **<u>LEGAL STANDARD</u>**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of establishing subject matter jurisdiction. *Duque Mendez v. Cuccinelli*, 467 F. Supp. 3d 1249, 1254 (S.D. Fla. 2020). A motion under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial challenge requires the court to accept the complaint's allegations as true and determine if they sufficiently invoke federal jurisdiction. *Souto v. Fla. Int'l Univ. Found., Inc.*, 446 F. Supp. 3d 983, 987 (S.D. Fla. 2020). A factual challenge, by contrast, permits the court to consider evidence outside the pleadings and does not require that the complaint's allegations be

accepted as true. *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive dismissal, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Id.* at 570. A claim is plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing plausibility, courts consider the pleading as a whole and apply judicial experience and common sense. *Id.*; S*peaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010).

A plaintiff need not detail all the facts on which his claim is based; rather, Rule 8(a)(2) requires only a short, plain statement giving the defendant fair notice of the claim and its grounds. *Twombly*, 550 U.S. at 555–56; *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). The allegations must, however, be enough to raise a right to relief above the speculative level. *Id.* The Federal Rules demand "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 662. "Mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (citation omitted). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). If a complaint is filed with exhibits, a court must also consider the facts derived from the

exhibits. Where the facts in the exhibits contradict the allegations in the complaint, the exhibits control. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007); *Weiner v. Federal Insurance Co.*, 2011 WL 13229316 (S.D. Fla. Dec. 16, 2011).

**DISCUSSION**

Plaintiff seeks relief arising from alleged delays and denials related to his immigration applications for naturalization and status adjustment. Specifically, Plaintiff contends Defendants (1) improperly denied or failed to adjudicate his Form N-400 naturalization applications and (2) unreasonably delayed adjudication of his Form I-485 adjustment of status application. Plaintiff asserts subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1361, which govern federal question jurisdiction and jurisdiction over mandamus actions against United States officials. Plaintiff asks the Court to compel USCIS to reconsider or adjudicate these applications.

Defendants move to dismiss this entire case on several independent grounds. First, they contend that any claim for delay in adjudication of Plaintiff's Form N-400 applications is moot because both applications have now been denied. Second, they argue Plaintiff failed to exhaust his statutory administrative remedies, thereby depriving this Court of jurisdiction to review the denials of his N-400 applications. Third, Defendants assert the Court lacks jurisdiction under the Mandamus Act to review any alleged delay in adjudicating Plaintiff's Form I-485 application because Plaintiff has no clear right to the relief sought and Defendants have no clear, nondiscretionary duty to act. Finally, Defendants contend that the Court lacks jurisdiction under the INA to review the pace of adjudication of Plaintiff's I-485 application because adjustment of status is committed to agency discretion. As to Plaintiff's ADA and Rehabilitation Act claims, Defendants argue Plaintiff fails to state a claim.

## I. Plaintiff's Claim of Unreasonable Delay in Processing his N-400 Applications is Moot

Article III of the Constitution limits federal courts to adjudicating "cases or controversies." *DiMaio v. Democratic Nat'l Comm.*, 555 F.3d 1343, 1345 (11th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992)). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993).

Defendants have established that both of Plaintiff's Forms N-400 have been adjudicated, thereby rendering moot any claim based on unreasonable delay. Specifically, Defendants submit a decision letter dated March 29, 2016, informing Plaintiff that his Form N-400 application was denied due to failure to complete his first full term of service in the U.S. Army, DE 28-4; and a decision letter dated May 29, 2025, informing Plaintiff that his subsequent Form N-400 application was denied due to failure to demonstrate good moral character. DE 28-5. Because Defendants raise a factual attack on subject matter jurisdiction, the Court may consider this evidence outside the pleadings. *Odyssey Marine*, 657 F.3d at 1169.

Plaintiff does not meaningfully dispute that both applications were denied. *See, e.g.* DE 29 at 4. Instead, he argues that agencies cannot moot delay claims by issuing a rushed denial after litigation is filed. *Id.* at 5 (citing *Kandamar v. Gonzales*, 464 F.3d 65 (1st Cir. 2006)). The authority Plaintiff cites does not support his position.[3]

Because USCIS adjudicated the N-400 applications, I cannot grant meaningful relief compelling action. The delay-based claims concerning those applications are therefore moot and will be dismissed.

---

[3]In *Kandamar*, the First Circuit Court of Appeals denied a petition for review of an immigration decision without addressing mootness. 464 F.3d at 67. This case therefore does not apply here.

### II. Plaintiff's Failure to Exhaust His Administrative Remedies Bars Review of the N-400 Denials

The Court lacks subject matter jurisdiction to review the denial of Plaintiff's naturalization applications under INA § 310(c), 8 U.S.C. § 1421(c), because Plaintiff has not completed the required administrative hearing.

An individual whose naturalization application is denied may seek judicial review in federal district court only after first completing a hearing before an immigration officer. 8 U.S.C. § 1421(c). Judicial review is expressly conditioned on completion of that administrative step.

Here, Plaintiff does not allege that he completed such a hearing as to either N-400 application. Instead, he argues that USCIS made hearing attendance impossible by scheduling it within three days of another proceeding and then canceling it, thereby eliminating his opportunity to exhaust his administrative remedies.

The law is clear, however, that a court may not read "futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Huang v. Napolitano*, 2011 WL 772755, at *2 (S.D. Fla. Feb. 28, 2011) (quoting *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)) (internal quotation marks omitted); *see also Karam v. USCIS*, 373 F. App'x 956, 957 (11th Cir. 2010) (quoting *Booth*, 532 U.S. at 741 n.6). In 8 U.S.C. § 1421(c), Congress expressly authorized District Court review only after completion of the administrative hearing as outlined in 8 U.S.C. § 1447. I am not authorized to read any exception—including one based on alleged futility arising from USCIS's actions—into that statutory prerequisite.

Accordingly, I lack jurisdiction to review the denials of Plaintiff's N-400 applications, and those claims must be dismissed.

## III. The Court Lacks Jurisdiction to Grant Mandamus Relief

Under the Mandamus Act, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an extraordinary remedy available only in the clearest and most compelling of cases. *Cash v. Barnhart*, 327 F.3d 1252, 1255 n.4 (11th Cir. 2003). Mandamus requires three elements: "(1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available." *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)[4]; *Cash*, 327 F.3d at 1258. A plaintiff seeking mandamus bears the burden of demonstrating that his right to the writ is clear and indisputable. *In re BellSouth Corp.*, 334 F.3d 941, 953 (11th Cir. 2003).

Plaintiff has not satisfied the first two requirements, which require consideration of whether Plaintiff has demonstrated a clear right to have his Form I-485 adjudicated within any specific period, and whether Plaintiff has identified a nondiscretionary duty requiring USCIS to act within the timeframe he demands. *See Echeverri v. USCIS*, 2023 WL 5350810, at *3 (S.D. Fla. August 21, 2023); *Mafundu*, 2023 WL 5036142, at *3; *Osechas Lopez v. Mayorkas*, 649 F. Supp.3d 1278, 1286 (S.D. Fla. 2023) ("[T]he Court must determine whether Defendants have a non-discretionary duty to act to adjudicate Plaintiff's I-526 petition in a certain time frame, whether general, reasonable, or even the more specific period of '180 days.'") (*quoting* 8 U.S.C. § 1571(b))); *Grinberg v. Swacina* 478 F. Supp. 2d 1350, 1354 (S.D. Fla. 2007) ("Defendants, however, have no clear duty to adjudicate this [I-485] application within a particular time."); *Alfassi v. Garland*, 614 F. Supp. 3d 1252, 1255 (S.D. Fla. 2022) (finding "[p]laintiffs ha[d] not demonstrated a clear

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

right" to have "USCIS expedite processing of their I-130 Petition" or that USCIS had "a clear duty to act with respect to the pacing of their I-130 Petition"). There is nothing indicating Defendants have a clear duty to act on Plaintiff's petition within a specific timeframe. Plaintiff cites no statute establishing a specific timeframe for adjudicating I-485 applications—and none exists.[5] Instead, Plaintiff refers only to Plaintiff's duty to process and adjudicate the applications "within a reasonable time" and "in a timely manner." DE 18-2 at 4-5. That is not sufficient. General assertions that USCIS must act within a reasonable time do not create a clear, nondiscretionary duty enforceable through mandamus. Thus, Plaintiff's mandamus claim must be dismissed.

## IV. The INA Prohibits Review under the APA

Under the APA, a person who has suffered a legal wrong because of agency action may seek judicial review. *See* 5 U.S.C. § 702. Moreover, courts may "compel agency action unlawfully withheld or unreasonably delayed." *Id.* at § 706(1). "Although the APA independently does not confer subject-matter jurisdiction, 28 U.S.C. § 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiction." *Perez v. U.S. Bureau of Citizenship Immigr. Servs.*, 774 F.3d 960, 965 (11th Cir. 2014). There are limits, however, to judicial review of agency action. A court lacks authority to issue relief where "statutes preclude judicial review" or "agency action is committed to agency discretion by law." *See* 5 U.S.C. ¶ § 701(a).

Defendants assert that the INA—specifically, 8 U.S.C. § 1252(a)(2)(B)(ii)—carries such a preclusive effect. Under this section,

> Notwithstanding any other provision of law . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review –

[5] Under the INA, adjustment of status is governed by 8 U.S.C. § 1255, but the statute does not impose a time frame for USCIS to act. Likewise, the implementing regulations in 8 C.F.R. § 245 do not establish a mandatory adjudication deadline. *See Grinberg v. Swacina* 478 F. Supp. 2d 1350, 1354 (S.D. Fla. 2007).

> (i) Any judgment regarding the granting of relief under section . . . 1255 of this title, or
>
> (ii) Any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

The Eleventh Circuit recently joined other circuits in expressly holding that "§ 1252(a)(2)(B)(ii) precludes jurisdiction over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications." *Kanapuram v. Director, USCIS*, 131 F.4th 1302, 1306 (11th Cir. 2025). The court reasoned that "the decision on whether and how to adjust . . . status . . . is explicitly committed to the Secretary's discretion" under § 1255(a). *Id.* at 1307 (quoting *Geda v. Director, USCIS*, 126 F.4th 835, 843 (3d Cir. 2025)). Section 1255(a) gives USCIS broad discretion to determine and implement the adjudicative process for Form I-485 applications "because adjustment of status under § 1255(a) is a discretionary form of relief." *Id.*; *see also* 8 U.S.C. ¶ 1255(a) ("The status of an alien who was inspected and admitted or paroled in the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe."). The Court therefore lacks jurisdiction over Plaintiff's claim of delay in adjudicating his Form I-485 adjustment of status application.[6]

**V. Plaintiff Fails to State a Claim Under the ADA and the Rehabilitation Act**

Plaintiff asserts that Defendants violated the ADA and the Rehabilitation Act, but Plaintiff fails to state a claim under either statute. First, the ADA does not apply to the federal government.

[6] The *Kanapuram* court noted that there may be some instances in which judicial review of an agency decision (or delay) regarding an I-485 adjudication is available, such as when an agency is accused of violating its own regulations. *Id.* at 1308. Plaintiff's conclusory statement that Defendants "violat[ed] agency timelines," DE 18-2 at 5, is insufficient to invoke this exception.

*Harris v. Haaland*, 2021 WL 5178830, at *1 n.2 (S.D. Fla. Oct. 25, 2021), *report and recommendation adopted*, 2021 WL 5178276 (S.D. Fla. Nov. 8, 2021).

Disability-discrimination claims against federal agencies instead arise under the Rehabilitation Act, *see id.*, which prohibits disability discrimination by federal agencies and recipients of federal funding. 29 U.S.C. § 794(a). To establish a *prima facie* case of discrimination under the Rehabilitation Act, a plaintiff must show he "(1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of his disability." *J.A.M. v. Nova Southeastern University, Inc.*, 646 F. App'x 921, 926 (11th Cir. 2016). Here, Plaintiff has not asserted his specific disability, that he is qualified for the benefits he seeks, or how USCIS relied on Plaintiff's disability to deprive him of benefits. Plaintiff has therefore failed to state a claim under the Rehabilitation Act.

**VI. Dismissal With Prejudice Is Appropriate**

Because I lack jurisdiction over Plaintiff's requests to compel USCIS to adjudicate immigration applications in a specific timeframe and because Plaintiff has failed to exhaust administrative remedies, amendment would be futile. *See Freeman v. Rice*, 2009 WL 10656869, at *1 (S.D. Fla. Oct. 13, 2009) ("Because this Court is clearly without jurisdiction to grant Plaintiff the relief he seeks . . . Plaintiff's amended complaint must be dismissed with prejudice, as any attempt to amend would be futile.") (citation omitted). Plaintiff also amended his pleading twice already without successfully stating a disability-based claim. An additional opportunity to amend regarding those claims is therefore also unwarranted. *See, e.g.*, *Kincaid v. Lockwood*, 2021 WL 277114, at *1 (S.D. Fla. Jan. 4, 2021), *report and recommendation adopted*, 2021 WL 274811 (S.D. Fla. Jan. 27, 2021) ("The dismissal should be with prejudice, because Plaintiff has already

sought leave to amend in this case and he is not entitled to multiple opportunities to amend.") (citation omitted).

## CONCLUSION

Based on the foregoing, I find that (1) the Court lacks subject matter jurisdiction over Plaintiff's claims regarding the timeliness or propriety of Defendants' adjudication of his immigration applications, and (2) Plaintiff fails to state a claim under the ADA or the Rehabilitation Act. **ACCORDINGLY,** Defendants Motion to Dismiss, DE 28, is **GRANTED**. Plaintiff's Second Amended Petition is **DISMISSED WITH PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 23rd day of February, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE